EUGENE RUGGIERI, APPELLANT, v. PUBLIC SERVICE
RAILWAY COMPANY, RESPONDENT.

Submitted July 6, 1914—Decided October 16, 1914.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The plaintiff was crossing a public highway in West New York, Hudson county, and was struck by a trolley car of the defendant. For the injuries he received he brought suit and recovered a judgment of $1,500.

"The defendant appeals because the court refused to nonsuit, which motion it claims should have prevailed, because no negligence on the part of the defendant was shown, and also that the plaintiff was guilty of contributory negligence. There was no motion for a direction at the close of the case, nor was the motion for nonsuit then renewed, so all we have to deal with is the plaintiff's case as it stood when the motion to nonsuit was made.

"The plaintiff testified that he started to cross Bergen Line avenue at the corner of Seventh street, or Fisher avenue, as it was sometimes called; that he saw a car going to Union Hill and he stopped on the corner until the car had passed about seventy-five or eighty yards, and he watched it that distance and saw no other car and then started to cross; that as soon as he got on the northbound track, he was struck by the car on the southbound track; that no bell was rung nor any warning given.

"On cross-examination he testified that he stood on the sidewalk at the corner and let the southbound car pass, which was on the track nearest to him; then he started to walk; that he did not look in the direction from which the northbound car would come before the southbound car passed; that when the passing car had gone about seventy-five or eighty yards, he looked and did not see any northbound car coming; that if there was nothing to obstruct his view he could see for two blocks, but, on this morning when he looked, he did not see the car coming; that the distance from the curb to the track was about ten feet; that after he left the curb, he looked south to see if a car was coming; that he looked as he walked and did not see it. He subsequently said that when he looked he was right at the corner, and in response to a question put by the court whether he did not know that the southbound car was apt to be between him and the other car coming in the opposite direction, he said: 'Well, I see this car was pretty far away from me, your honor, and I see there was about seventy-five or eighty yards, and I started to walk across.' Again he was asked, on cross-examination, how far he was from the curbstone when he looked the second time, and he replied, 'About two steps,' and saw no car.

"There was nothing in the defendant's case which aided that of the plaintiff.

"So, we have this situation: The plaintiff standing on the sidewalk about fifteen feet from where he was struck, a car passing about ten feet away which the plaintiff watched until it had gone seventy-five or eighty yards and then started to cross the street, and after taking two steps, which would be

about five feet, he looked again, and while seeing the south-bound car about eighty yards away, saw no car going north approaching, yet when he walked only ten feet, about four steps, he was struck by a car which was at least more than eighty yards away, and must have covered that distance while plaintiff took four steps. This is so unreasonable as to be incredible, for if the plaintiff had looked when only ten feet from the track, as he said he did, he would have seen the car, and the only inference is that he did not look, or if he did, that he would have seen the car so near as to surely strike him, if he continued to walk toward it. But he says he did not see the car, so he is not within the line of cases where the pedestrian seeing an approaching car exercises his judgment as to his ability to cross safely. In this case, the car must have been within his vision if he had looked, and the fact that he did not see it, is a demonstration that he did not look with reasonable effectiveness such as was required of him under the circumstances, and he was therefore guilty of such contributory negligence as required a nonsuit, the refusal of which was error. In the case of *Brown* v. *Railroad Company,* 68 *N. J. L.* 618, Chancellor Magie, speaking for the Court of Errors and Appeals, said: 'When he says that, at that time, he could see no trolley car in sight, he conclusively establishes that he did not then make the observation which duty required of him, because, if he had done so, he would undoubtedly have discovered the approaching car, and have been able to avoid the collision.' It seems to us that this case controls the one under review. This result makes it unnecessary to deal with the question of defendant's negligence.

"The judgment will be reversed."

For the appellant, *Alexander Simpson.*

For the respondent, *Edwards & Smith.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, BLACK, BOGERT, VREDENBURGH, HEPPENHEIMER. WILLIAMS, JJ. 11.

*For reversal*—None.